## IN THE UNITED STATES DISTRICT COURT
## FOR NORTHERN INDIANA

| | |
|---|---|
| CHRISTOPHER ZELNIS, | ) CASE: 22cv269 |
| PLAINTIFF, | ) JUDGE _____ |
| v. | ) MAG. _____ |
| KIMBERLY O'CONNOR (Indiv cap), | ) |
| OSCAR MARTINEZ, JR. (Sheriff in | ) |
| Indiv cap), | ) |
| TODD WASMER (Indiv. Cap), | ) |
| | ) |
| DEFENDANTS. | ) |

### COMPLAINT FOR MONETARY AND DECLARATORY RELIEF

NOW COMES Plaintiff Zelnis, by counsel, Christopher Cooper, and files this complaint pursuant to 42 U.S.C. §1983. Plaintiff states as follows through counsel:

### Nature of Case

Plaintiff is employed by Lake County, Indiana as a correctional officer. Plaintiff engaged in 1st Amendment protected speech when he posted to social media as to work conditions at the Lake County, Indiana jail.  For such posts, on or about May 27, 2022 and thereafter, Plaintiff suffered adverse employments action (including days of suspension, etc.).

### Jurisdiction & Venue

(1)    Jurisdiction of this court arises under 28 U.S.C. §§1331, and 42 U.S.C. § 1983 (to include the 1st Amendment and 14th Amendment), as well as §1988 for attorney fees.  Additionally, 28 USC § 2201.

(2)    Venue is had through 28 U.S.C. § 1391. Defendants are residents of Indiana in the geographic area in which the U.S. District Court

1

for Northern Indiana is located; and, that a substantial part of the events or omissions giving rise to the claims herein, occurred in this district.

## Parties

(3)    Plaintiff CHRISTOPHER ZELNIS is a legal adult and resident of Lake County, Indiana. Plaintiff was harmed by the Defendant in Lake County, Indiana.

(4)    Defendant **KIMBERLY O'CONNOR** (sued in her individual capacities) is a legal adult and may be a resident of Indiana. Defendant injured and harmed the Plaintiff in Lake County, Indiana.

(5)    Defendant **OSCAR MARTINEZ** (sued in his individual capacities) is a legal adult and resident of Lake County, Indiana. Plaintiff injured and harmed the Plaintiff in Lake County, Indiana.

(6)    DEFENDANT **TODD WASMER** (sued in his individual capacities) is a legal adult and residency is unknown. Plaintiff injured and harmed the Plaintiff in Lake County, Indiana.

## Facts

(1)    Plaintiff is employed by Lake County, Indiana as a correctional officer at the Lake County, Indiana "Jail."

(2)    Defendants are or were supervisors of the Plaintiff.

(3)    Plaintiff posted to social media (a presentation to the public) as to work conditions at the jail, especially at to complaints of overbearing shift

2

assignments for jail correctional officers. By example, the following

(quotations omitted):

Sooo, reliable word on the street is we're going to 12 hour shifts... and possibly on the very next pay period, which is only 6 days away (this is the only part im not sure of)... meaning they'll likely announce the change with only 5 days notice... why such short notice? well screw your families and lives right? .... lol the newbies who wanted 12s are going to see that this place can be even more of a hell hole.. you are about to be even more over worked and frozen WAY MORE ... and even better, its not the every other weekend off schedule you all wanted... lol, going to suck but man did you all dig yourselves into a hole, if you thought it could't get worse... you're about to find out...... and how do you think this is going to impact hiring? .... peace ... even im looking for other options.

(4)     In response to Plaintiff's posts, Defendants subjected Plaintiff to altered terms and conditions of employment which included that they suspended the Plaintiff for five days for the posts.  This conduct was in violation of Plaintiff's 1st Amendment rights and that Defendants held that the Plaintiff did following (as well cited Plaintiff for):

   1. Publicly discussing jail affairs off duty;

3

*2. Disparaging remarks about employees or regarding the way affairs of the jail are conducted;*

*3. Disrespectful or uncourteous treatment of superiors , subordinates, or associates;*

*4. Any conduct unbecoming an officer.*

### COUNT I: 42 U.S.C. § 1983 CLAIMS
### (First Amendment violations to include Hostile Work environment)

(1)    Plaintiff repeats, re-alleges, and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(2)    All Defendants were acting under color of law at all times and intended a physical or mental effect on Plaintiff through their tortious conduct.

(3)    Defendants did and continue to deprive Plaintiff of his United States First Amendment protected right to speak about, report about, and to inform the public of detrimental work hours and conditions for law enforcement officers, among other issues of public concern.

(4)    Plaintiff Zelnis engaged in speech involving matters of public concern and interest  Moreover, Plaintiff was retaliated against by Defendants for having made such public statements.

4

(5)    Plaintiff's interest in speaking openly on the germane matters of public concern outweighs and outweighed the government's interest in having an efficient workplace.

(6)    The interests of Zelnis, as an employee and as a citizen, in commenting on matters of public concern, outweighs the employer's interest in promoting the efficiency of the public services it performs through its employees.

(7)    The Plaintiff was engaged in constitutionally protected activity.

(8)    Defendants took an adverse action against Plaintiff (see Facts' section) because he engaged in protected speech.

(9)    By way of Cats Paw Theory among others, Defendant Martinez is as responsible (for the germane retaliation, etc.) as are the other Defendants.

(10)    The Defendants' actions against the Plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity.

(11)    The Plaintiff's protected activity was a substantial or motivating factor in the Defendants' conduct.

(12)    Plaintiff suffered harm and continues to suffer harm to include harm which includes financial losses, career reputational damage; legal fees; pain and suffering; humiliation; and garden variety emotional stress.

(13)    Defendants' conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

(14)    Defendants' conduct was willful and wanton.

WHEREFORE, and that there is sought, judgment against Defendants jointly and severally for actual, general, special, compensatory damages in the amount in excess of $300,000, plus punitive damages and further demands judgment against Defendant for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT II: CLAIM FOR DECLARATORY RELIEF
### (Applies to all Defendants)

1. Plaintiff repeats, re-alleges and incorporates by reference, the allegations in the aforementioned paragraphs (including the "Facts" section) with the same force and effect as if herein set forth.

2. Defendants subjected Plaintiff to a hostile work environment and punishment (adverse actions) because Plaintiff engaged in protected speech.

3. There is a case and controversy

4. Such controversy is of a justiciable nature.

5. Plaintiff has a practical interest in a declaration from the court.

6. Plaintiff can show he suffered an injury.

7. Plaintiff suffered harm and continues to suffer harm to include harm which includes financial losses, career reputational damage; legal fees; pain and suffering; humiliation; and garden variety emotional stress.

8. Defendants' conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

9. Defendants' conduct was willful and wanton.

6

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(1) Grant Declaratory Judgment holding that

    a. Plaintiff has a right to engage in public speech which includes criticism of work schedule matters of public law enforcement agency;

    a. A "sheriff" lacks the right to impose an adverse action on a law enforcement officer for having engaged in protected speech;

    b. That an employer does not have a right to impose a suspension on a law enforcement officer engaging in protected speech.

Lastly, that the Court award compensatory damages, jointly and severally, of at least $200,000, plus punitive damages, the costs of this action, including attorney's fees, and statutory damages where available, in favor of Plaintiff. And, that the Court grant Plaintiff further relief as the Court deems appropriate.

**\*Plaintiffs hereby make a demand for a Jury.**

DATED: 9-9-2022
Respectfully Submitted,
s\Christopher Cooper, ESQ., Plaintiffs' Counsel
A FRATERNAL ORDER OF POLICE LEGAL DEFENSE PLAN COUNSEL
Law Office of Christopher Cooper, INC.
105 W.  Madison Street, Suite 1350, Chicago, IL 60602
Tel: 312 473 2968; FAX: 866 334 7458; E-Mail: cooperlaw3234@gmail.com